**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLTON HOLBROOK,<br><br>                    Plaintiff,<br><br>v.<br><br>MIDDLESEX WATER COMPANY, *et al.*,<br><br>                    Defendants. | No. 23cv3462 (EP) (CLW)<br><br>**OPINION** |

**PADIN, District Judge.**

Colton Holbrook, a prisoner presently incarcerated in Bayside State Prison, New Jersey, has submitted a *pro se* complaint under 42 U.S.C. § 1983. D.E. 1. Because Plaintiff has submitted neither the filing fee nor an application to proceed *in forma pauperis* ("IFP"), the Court will administratively terminate the complaint.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $402.

However, under certain circumstances, courts may permit an indigent plaintiff to proceed IFP. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $52 administrative fee. A prisoner who is denied IFP status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under § 1915, a prisoner seeking to bring a civil action IFP must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

If the prisoner is granted IFP status, the prisoner must pay the full filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Whether Plaintiff proceeds IFP or pays the full filing fee or any part of it, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (IFP actions); *see also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or refund the filing fee.

If a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or

that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Because Plaintiff neither paid a fee nor submitted an IFP application, the Court will direct the Clerk to administratively terminate the complaint pending receipt of either.[1] Upon such receipt, the Clerk of Court will be directed to re-open the matter, subject to screening.

An appropriate Order follows.

 **6/29/2023**                                                                                                                 
Date                                                                                                               Evelyn Padin, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).