<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLTON HOLBROOK, | |
| Plaintiff, | No. 23cv3462 (EP) (JBC) |
| v. | **MEMORANDUM ORDER** |
| MIDDLESEX WATER COMPANY, *et al.*, | |
| Defendants. | |

**PADIN, District Judge.**

This matter comes before the Court by way of *pro se* Plaintiff Colton Holbrook's failure to comply with this Court's Order that he pay the required filing fee to re-open this action. D.E. 10. Over a year later, Holbrook still has not paid the filing fee. Therefore, the Court will **DISMISS** this case ***without prejudice*** for failure to prosecute and for failure to comply with the Court's Order pursuant to Federal Rule of Civil Procedure 41(b).

I.      BACKGROUND

Colton Holbrook, a prisoner presently incarcerated in Bayside State Prison, New Jersey, submitted a complaint under 42 U.S.C. § 1983. D.E. 1 ("Complaint"). The Court originally administratively terminated the Complaint because Holbrook had not submitted an *in forma pauperis* ("IFP") application or paid the $350 filing fee and the $52 administrative fee. D.E. 5. The Court denied Holbrook's subsequent IFP application on August 1, 2023. D.E. 7. The Court administratively terminated the Complaint until Holbrook paid the $402 filing and administrative fees. D.E. 8. The Court then granted Holbrook's request for a 45-day extension of time to pay the filing fee on August 24, 2023, affording Plaintiff until October 23, 2023. D.E. 10. To date, Holbrook still has not paid the filing fee.

II.     LEGAL STANDARD AND ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions, including dismissal, for failure to respond to court orders and for failure to prosecute a case. Fed. R. Civ. P. 41(b). There is a strong policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit developed six factors for courts to balance when deciding whether to impose an involuntary order of dismissal:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single factor is outcome-determinative; dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Rule 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Here, the *Poulis* factors generally favor dismissal. *First*, Holbrook is solely responsible for his failure to comply with the Court's orders in this case and for failing to prosecute his case by not paying the required filing fee. *See Briscoe v. Klaus*, 538 F. 3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case.").

2

*Second*, Holbrook's adversaries have been prejudiced by the impeding litigation. Prejudice is not limited to irreparable harm and may include "whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions.'" *Gyasa-Nuage-Elijah v. Nash*, No. 23-4936, 2024 WL 3745389, at *4 (D.N.J. June 25, 2024), *report and recommendation adopted*, No. 23-4936, 2024 WL 3743563 (D.N.J. Aug. 9, 2024). Holbrook's case has lingered in the Court for well over a year. "Although the Court is mindful of Plaintiff's *pro se* status, it cannot allow this case to sit indefinitely." *Gyasa-Nuage-Elijah*, 2024 WL 3745389, at *4. Therefore, the second factor weighs in favor of dismissal as well.

Regarding the *third* and *fourth* factors, Holbrook does not have a repeated history of dilatoriness. However, to the extent the instant case has been delayed, "the delay is purely the result of Plaintiff's inaction." *Macon v. City of Asbury Park*, No. 07-1413, 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008). Such lack of action makes "clear that [Holbrook's] failure to participate in his case is at least knowing, if not willful." *Id.* At a minimum, the third factor is neutral, while the fourth factor weighs in favor of dismissal.

*Fifth*, the Court believes that lesser sanctions would not be effective. The purpose of alternative sanctions is to honor the tradition of adjudicating cases on the merits. *See Hildebrand*, 923 F.3d at 136. Although the Court denied Holbrook's IFP request, his filings suggest he has financial difficulties. Therefore, the Court believes that monetary sanctions would not be an effective or appropriate sanction, especially where the issue is the failure to pay a filing fee to commence litigation. *See Gyasa-Nuage-Elijah*, 2024 WL 3745389, at *5.

*Finally*, in situations where the overwhelming balance of the first five factors weighs in favor of dismissal, the Court need not address the merits of Holbrook's case. *Vanz, LLC v. Mattia & Assocs.*, No. 13-1392, 2017 WL 581344, at *3 (D.N.J. Jan. 25, 2017), *report and*

3

*recommendation adopted*, No. 13-1392, 2017 WL 555987 (D.N.J. Feb. 10, 2017), *vacated*, No. 13-1392, 2021 WL 4864305 (D.N.J. Oct. 19, 2021); *see also McNamara v. Buehler*, No. 16-841, 2018 WL 9880301, at *3 (D.N.J. Nov. 16, 2018), *report and recommendation adopted*, No. 16-841, 2019 WL 5448684 (D.N.J. Oct. 24, 2019) (citing *Macon*, 2008 WL 1882899, at *2)). As mentioned *supra*, "[e]ach factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

Therefore, the Court will **DISMISS** this case *without prejudice* for failure to prosecute and for failure to comply with the Court's orders. Plaintiff will be given a final thirty days to pay the filing fee, or else this Court may dismiss his claims *with prejudice.*

### III.   CONCLUSION

Accordingly**, IT IS**, on this **10th** day of **January** 2025, for the reasons set forth above,

**ORDERED** that this action is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that if Holbrook seeks to re-open this case, he must pay the required filing fee within **30 days** of this Order; and it is further

**ORDERED** that failure to do so may result in the dismissal of Plaintiff's claims *with prejudice*; and it is finally

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiff.

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

4